## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MORALES RAMIREZ, Walter Odilio,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **JAMISON, J.L., Warden, Federal Detention** | : | |
| **Center, Philadelphia; RIFE, John E., Acting** | : | |
| **Field Office Director, Immigration and** | : | |
| **Customs Enforcement, Enforcement and** | : | **No. 26-5582** |
| **Removal Operations, Philadelphia Field** | : | |
| **Office; MULLIN, Markwayne, Secretary of** | : | |
| **the Department of Homeland Security;** | : | |
| **BLANCHE, Todd, Acting U.S. Attorney** | : | |
| **General; U.S. DEPARTMENT OF** | : | |
| **HOMELAND SECURITY; EXECUTIVE** | : | |
| **OFFICE FOR IMMIGRATION REVIEW,** | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW,** this 7th day of August, 2026, upon consideration of Walter Odilio

Morales Ramirez's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto

(ECF No. 4), it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Walter Odilio Morales Ramirez is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Walter Odilio Morales Ramirez from

custody. Respondents shall not subject Walter Odilio Morales Ramirez to any conditions of release

including the imposition of any and all GPS monitoring technology or devices.

1

3. Immediately upon Walter Odilio Morales Ramirez's release, Respondents shall return all personal belongings confiscated upon or during his detention, including his identification and documents.

4. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 8:00 p.m. E.S.T. on August 7, 2026

5. Respondents are temporarily enjoined from re-detaining Walter Odilio Morales Ramirez for seven days following his release from custody.

6. If Respondents pursue re-detention of Walter Odilio Morales Ramirez, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Walter Odilio Morales Ramirez is a 30-year-old native of Guatemala who entered the United States in 2022. ECF No. 1 ¶¶ 1, 18. Petitioner lived in Georgia, then Upper Darby, Pennsylvania, where he currently resides with his family. *Id.* ¶ 18. On July 31, 2026, DHS officials arrested Petitioner while he was on his way to work. *Id.* ¶ 20. He is now detained at the Philadelphia Federal Detention Center. *Id.* ¶ 21. On August 6, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention and arguing that his detention violates, *inter alia*, the Immigration and Nationality Act (INA) and the Due Process Clause of the United States Constitution. ECF No. 1. On August 7, 2026, the government filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No.4.

The government's position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts, as well as the Second, Sixth, Ninth, Tenth, and Eleventh Circuits. *See Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, --- F.4th ---- (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, No. 26-6109, 2026 WL 1876709, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026). This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the INA.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6; *Santillan Quiroz*, 2026 WL 1876709, at *6. It does not describe individuals who have been in the United States for several years. *Kashranov*, 2025 WL 3188399, at *6. Petitioner was seeking admission in 2022 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The Supreme Court's discussions in *Blanche v. Lau*, 146 S. Ct. 1981 (2026), and *Mullin v. Al Otro Lado*, 146 S. Ct. 2079 (2026), do not change this outcome. Those cases both involved noncitizens arriving at the United States border, actively seeking to physically enter and presenting themselves for inspection. Neither involved the meaning of § 1225(b)(2)(A), nor did either one involve a section of the statute which included both phrases. Accordingly, the Supreme Court had no occasion to distinguish between "applicants for admission" or "seeking admission." *See Ramos Vega v. Jamison*, No. 26-4509, 2026 WL 1906667, at *3 (E.D. Pa. July 2, 2026). The Court's use of "applicant for admission" and "applicant seeking admission" when faced with different facts and different sections of the INA, therefore, does not change the plain meaning of § 1225(b)(2)(A) or its application to Petitioner. *Id.*

For the same reasons set forth in *Ramos Vega*, 2026 WL 1906667, *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.

3